RICHARD B. SHIVERS ET UX. *v.* JACOB C. ROSS.

[45 South., 1039.]

PROMISSORY NOTE. *Insurance premium. Joint insurance. Application for on two. Policy on one. Acceptance. Retention. Estoppel.*

A suit on a promissory note, given for the first premium on a policy of life insurance on the life of one of the defendants, may be defended by showing that the application was joint, not several, for two policies, one on the life of each defendant for the benefit of the other, only one of which was ever written, its reception and retention, although for several months, by defendants having been induced by plaintiff's assurance that the other would be forthcoming, if the one written were returned as soon as defendants learned the other would not be issued.

FROM the circuit court of Simpson county.

HON. ROBERT L. BULLARD, Judge.

Ross, appellee, was plaintiff in the court below; Shivers and his wife, appellants, were defendants there. From a judgment in plaintiff's favor, predicated of a peremptory instruction, defendants appealed to the supreme court.

In December, 1904, appellee was a life insurance agent and induced Mr. and Mrs. Shivers, appellants, each to take out life insurance on the life of the other, the understanding being that neither policy would be accepted or paid for unless both

were issued. This understanding was a distinct one, reduced to writing and signed by the insurance agent, but before the trial the writing had been destroyed. The appellants being unable to make cash payment of the first or advance premiums, executed and delivered their joint two promisory notes therefor, each payable to Ross or order, each being for the amount of one of the premiums. After the lapse of some time, how long is not shown, Ross received from his company a policy on the life of the wife, payable to Richard B. Shivers, the husband, and sent it to the husband, who received it by due course of mail. This policy was accompanied by a statement that the other policy, the one on the life of the husband for the benefit of the wife, would be forthcoming in a short time. Upon receipt of the policy and this statement Shivers did not, nor did his wife, return the policy sent him or repudiate further efforts to obtain the one for which application had been made on his life for the benefit of his wife.

Considerable correspondence ensued between Shivers and the insurance agent, Ross assuring him all the time that he was expecting the policy in favor of the wife on the life of the husband. This correspondence lasted from five to ten months, the insurance agent during all the time insisting that the other policy would be forthcoming. As soon as Shivers was informed that the company had "turned down," to use the language of the witness, the policy on his life in favor of his wife, he returned to Ross by mail the policy which had reached him, and considered and treated the contract and the proposal for reciprocal insurance as at an end.

This was a suit by the payee in the note, the insurance agent Ross, against Shivers and wife on the note given for the premium on the policy that was written and sent by mail to Shivers. The defense was that according to the written contract made at the time of the execution of the note it was not to be paid unless both insurance policies applied for were

issued.   This was the case as made by Shiver's testimony to which reference is made in the opinion of the court.

*McWillie & Thompson* and  *Hilton & Hilton,* for appellants.

The court below gave a peremptory instruction in favor of the plaintiff because of the fact that the policy which was written and sent to Shivers was not returned to plaintiff for five months according to some of the testimony and for ten months according to other parts of it.   In this we think the court below erred.   It appeared with great distinctness that Shivers retained the policy because of the assurance given him by the plaintiff, the insurance agent, that the other policy was merely delayed and would be forthcoming.   Shivers wrote the agent that he would not accept the policy unless the other one came; and plaintiff wrote repeatedly that he expected the missing policy and that he would send it on.   During all the time that the policy was retained by Shivers he was trying to adjust the matter of the other policy and the plaintiff Ross was working at the same thing.   The policy actually written was returned to Ross and was offered in evidence by him.

Certainly it was a question of fact for a jury whether under all the circumstances of the case a failure to return the policy for the length of time it was retained was an abandonment by Shivers of the lost written contract, and the court erred, we respectively submit, in taking the case from the jury.

*Bee King* and *J. B. Sullivan,* for appellee.

The note was given for first premium which carried the policy for one year without further payments and if the appellants had any right to rescind the contract at all, they should have done so within a reasonable time and they could not hold the policy until within a few months of the expiration of the time covered by the first premium and then escape liability by the return of the policy even if there had been some cor-

respondence regarding the application for the other policy. Receipt will be acceptance if the right of rejection be not exercised in a reasonable time. *Stilwell Co.* v. *Biloxi Co.,* 78 Miss., 779. Benj. on Sales (6th Am. ed. by Bennett), § 703. Both applications were separate and for separate policies and the testimony shows that the application of Mr. Shivers was written before any mention was made of Mrs. Shivers' application and that the applications for insurance were entirely different transactions.

If the receipt or contract given by appellee to appellant, shows anything, it only shows that both notes were to be returned in the event that both applications were rejected and this is the most reasonable construction that can be placed upon it. Shivers admitted that he could not state terms of the receipt or contract exactly and his statement of its terms is vague and indefinite, being in these words: " The contract said if I didn't get my policy or either one; didn't get the policies he would send back both notes." It is true that Heflin and Shivers afterwards modified these answers, but did so in answer to leading questions and their first statements should prevail. The peremptory instructions for appellee were properly given. *Whitney* v. *Cook,* 53 Miss., 551.

WHITFIELD, C. J., delivered the opinion of the court.

It was fatal error in the court to give the peremptory instructions for the plaintiff, in view of the testimony of Shivers.

*Reversed and remanded.*